## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA SALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:13-cv-0064 |
| | ) | Judge Trauger |
| INVENTIV HEALTH, INC., | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

The undersigned parties to this action, by their respective attorneys, have reached agreement as to the following Protective Order relating to the disclosure of Confidential Information. This Order shall apply to, and may be relied upon by, any person or entity producing or disclosing information in relation to this action.

1.     The party disclosing information it claims to be confidential in nature shall place an appropriate label on the documents identifying such documents as Confidential and subject to this Protective Order. If such information is produced in electronic format, the party disclosing will be responsible for appropriately designating such information in a manner that will ensure it is understood to be claimed confidential.

2.     Upon being designated as Confidential, such information, regardless of form or media by which it is disclosed, shall only be dealt with by the parties and their attorneys as set forth in this Protective Order. All of Plaintiff's medical and financial information and records, and her personal identifying information, e.g. social security number shall be considered Confidential regardless of labeling it as such as set forth in paragraph 1.

1

3.      Confidential Information shall be used solely for purposes of this litigation and not for any other purpose whatsoever.

4.      Confidential Information may be inspected by and disclosed only to the following persons:

      a.      Parties and counsel representing the parties to this action, including counsels' staff and personnel actively engaged in assisting counsel of record;
      b.      Any individual retained as an expert to assist in the preparation of litigation or expected to testify at trial by any of the parties;
      c.      The Court or court personnel; and
      d.      The court reporter and witnesses present at a deposition.

5.      A party may designate a document as Confidential during deposition testimony (if said document has not previously been so designated) by stating on the record the document is confidential per this Protective Order and asking that the document and any relevant portion of the testimony discussing the same be handled as provided for herein.  A party deeming any part of deposition testimony to be Confidential and subject to this Protective Order should clearly identify any such testimony on the record at the deposition, or by written notice to opposing counsel delivered promptly following the deposition.

6.      Confidential Information shall be retained by counsel but may be provided to those designated persons who have a need to have the information.  At the time the information is provided to those designated persons, counsel shall inform such persons that the material is subject to the terms of this Order.

7.      Before disclosing the Confidential Information to any person, counsel shall advise each person to whom such disclosure is made of the terms of this Protective Order.  Counsel shall not disclose the documents, copies or extracts thereof to any person who does not agree to be bound by and to comply with the terms of this Protective Order.

2

8.      Counsel for all parties shall promptly upon completion of this litigation or at such time as they have no further use for the Confidential Information, whichever shall first occur, take appropriate steps to safeguard, destroy or, if requested within ten (10) days of dismissal shall return to counsel for the producing party all copies and extracts of data containing such information.

9.      If any party desires that materials containing Confidential Information be filed with the Court, the party shall file a motion requesting that the papers be filed under seal.

10.     Neither the parties nor their counsel shall in any manner, directly or indirectly, transfer the documents or copies of the documents, or communicate, orally or in writing, any of the data contained in the documents to any person other than for the purposes and under the circumstances set out in this Protective Order.  Violation of this order shall subject the offending party to sanctions, including all damages, costs and a reasonable attorneys' fee.

11.     In the event any of the other parties to this Order disagree with the producing party's determination that such documents are confidential as to merit the protection provided under this Order, such party may challenge the determination by the producing party and if the parties cannot agree, such party may file a motion with the Court asking that the document or documents be unclassified and denied the protection provided for under this agreement.  In such event, the producing party shall have the burden of establishing the documents are entitled to the protection provided for herein and the producing party shall have an adequate opportunity to respond.

12.     This Order shall not impair the right of any party to claim that any document or information is otherwise privileged and not subject to production.  Any such claims of privilege

will be addressed in accordance with the Federal Rules of Civil Procedure and further orders of this Court.

13.     Any party to this action may assert that information produced by another party is Confidential and thus subject to this Order.  In such an instance, it shall be the responsibility of the party asserting confidentiality to properly designate the information as such.

14.     Documents, information, and deposition testimony designated as Confidential may be disclosed in testimony at the trial of this action, offered into evidence at the trial of this action, or used in any hearing relating to this action, subject to the Federal Rules of Evidence and to such future orders as the Court having jurisdiction over this action may enter.

Entered this __6th__ day of December, 2013.

_____
Judge Trauger

4

APPROVED FOR ENTRY:


/s/ Rachel R. Rosenblatt
J. Christopher Anderson, # 019279
Rachel R. Rosenblatt, # 027501
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, TN 37201
Phone: (615) 383-3033
Fax:  (615) 383-3323
ChrisAnderson@littler.com
RRosenblatt@littler.com

*Attorneys for Defendant*



/s/ Andy L. Allman w/permission by RRR
Andy L. Allman, # 017857
ALLMAN & ASSOCIATES
103 Bluegrass Commons Blvd
Hendersonville, TN 37075
Phone: (615) 824-3761
Fax: (615) 264-2070
andylallman@comcast.net

*Attorney for Plaintiff*



Firmwide:124411924.1 068953.1016